J-S09004-20
J-S09005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: JOHN L. WALLACE : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: COMMONWEALTH OF :
PENNSYLVANIA :
:
:
:
:
: No. 1221 EDA 2018

Appeal from the Order Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0000356-2018

IN RE: STEADFAST PROTECTION LLC : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: COMMONWEALTH OF :
PENNSYLVANIA :
:
:
:
:
: No. 1222 EDA 2018

Appeal from the Order Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0000356-2018

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY SHOGAN, J.:   **FILED OCTOBER 09, 2020**

After careful review, I conclude that the trial court erred in granting the

applications for a private detective license in both of the above-captioned

matters.  Accordingly, I respectfully dissent.

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S09004-20
J-S09005-20

**Appeal at 1221 EDA 2018**

Although I agree with a large portion of the rationale espoused by the Majority, I do not conclude that Wallace possessed or established the required work experience pursuant to 22 P.S. § 14. Section 14 provides, in part, as follows:

> Any person, partnership, association, or corporation, intending to conduct a private detective business, the business of investigator, or the business of watch, guard or patrol agency, or the business of a detective agency, and any person, partnership, association, or corporation, intending to conduct the business of furnishing or supplying information as to the personal character of any person, or as to the character or kind of the business and occupation of any person, partnership, corporation, society, or association, or any person or group of persons, or intending to own, conduct, manage or maintain a bureau or agency for the above mentioned purposes, or, while engaged in other lawful business activities, also intending to engage in any one or more of the activities set forth in subsections (a), (b) and (c) of section two of this act [22 P.S. § 12], except exclusively as to the financial rating, standing and credit responsibility of persons, partnerships, associations, or corporations, shall, for each such bureau or agency, and for each and every sub-agency, office and branch office to be owned, conducted, managed or maintained by such person, partnership, association or corporation for the conduct of such business, file, in the office of the clerk of the court of quarter sessions of the county wherein the principal office of such business is located, a written application, duly signed and verified, as follows:

> (a) If the applicant is a person, the application shall be signed and verified by such person, and if the applicant is a partnership or association, the application shall be signed and verified by each individual composing or intending to compose such partnership or association. The application shall state the full name, age, residence, present and previous occupations, of each person or individual so signing the same, that he is a citizen of the United States, and shall also specify the name of the city, borough, township, or incorporated town, stating the street and number if the premises have a street and number, and otherwise such apt

- 2 -

description as will reasonably indicate the location thereof, where is to be located the principal place of business, and the bureau, agency, sub-agency, office or branch office for which the license is desired, and such further facts as may be required by the court of quarter sessions, to show the good character, competency and integrity of each person or individual so signing such application. Each person or individual signing such application shall, together with such application, submit to the court of quarter sessions his photograph, in duplicate, in passport size, and also fingerprints of his two hands, recorded in such manner as may be specified by the court of quarter sessions. Before approving such application, it shall be the duty of the court of quarter sessions to compare such fingerprints with fingerprints of criminals now or hereafter filed in the records of the Pennsylvania State Police. **Every such applicant shall establish, to the satisfaction of the court of quarter sessions and by at least two duly acknowledged certificates, that such applicant, if he be a person, or, in the case of a partnership, association, or corporation, at least one member of such partnership, association, or corporation, has been regularly employed as a detective, or shall have been a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman, for a period of not less than three years.** Such application shall be approved as to each person or individual so signing the same by not less than five reputable citizens of the community in which such applicant resides or transacts business, or in which it is proposed to own, conduct, manage or maintain the bureau, agency, sub-agency, office or branch office for which the license is desired, each of whom shall certify that he has personally known the said person or individual for a period of at least five years prior to the filing of such application, that he has read such application and believes each of the statements made therein to be true, that such person is honest, of good character, and competent, and not related or connected to the person so certifying by blood or marriage. The certificate of approval shall be signed by such reputable citizens and duly verified and acknowledged by them before an officer authorized to take oaths and acknowledgment of deeds.

22 P.S. § 14(a) (emphasis added) (footnote omitted).

The trial court concluded that Wallace satisfied the work experience requirement and stated as follows:

> Pennsylvania case law is limited as it pertains to the operation of the statute governing private detective licenses. To be granted a … license, the petitioner must establish that he or she was employed as a law enforcement agent of a rank higher than patrol man or "regularly employed as a detective" for three years or more. <u>See</u> 22 P.S. § 14. In conjunction with filling out the application, the applicant must have at least two letters of recommendation representing the applicant's investigatory experience. <u>Id.</u> In order to meet the investigatory experience requirement under the Private Detective Act of 1953, each applicant must have been "a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman," for at least three years. 22 P.S. § 14 (West). In the alternative, an applicant seeking a private detective license must establish that he has been "regularly employed as a detective" for at least three years. <u>Id.</u> The … issue that has been brought before this [c]ourt is what qualifies as being "regularly employed as a detective[?]" While the Act does not provide a definition for "detective", it does specify an enumerated list of descriptions that qualify as investigative experience under the Act, including:

> > [(b) "Private detective business" shall also mean and include, separately or collectively, the making, for hire, reward, or for any consideration whatsoever, of any investigation or investigations for the purpose of obtaining information with reference to any of the following matters, notwithstanding the fact that other functions and services may also be performed for fee, hire, or reward:]

> > (1) Crimes or wrong done or threatened against the government of the United States of America or any state or territory of the United States of America.

> > (2) The identity, habits, conduct, movements, whereabouts, affiliations, associations, transactions, reputation, or character, of any person, group of persons, association, organization, society, other groups of persons, partnership, or corporation.

- 4 -

(3) The credibility of witnesses or other persons.

(4) The whereabouts of missing persons.

(5) The location or recovery of lost or stolen property.

(6) The causes and origin of, or responsibility for, fires, or libels, or losses, or accidents, or damage, or injuries, to real or personal property.

(7) The affiliation, connection, or relation, of any person, partnership, or corporation, with any union, organization, society, or association, or with any official member or representative thereof.

(8) With reference to any person or persons seeking employment in the place of any person or persons who have quit work by reason of any strike.

(9) With reference to the conduct, honesty, efficiency, loyalty, or activities, employes, … agents, contractors and subcontractors.

(10) The securing of evidence to be used before any authorized investigating committee, board of award, board of arbitration, or in the trial of civil or criminal cases.

(11) The furnishing, for hire or reward, of watchmen, or guards, or private patrolmen, or other persons, to protect persons or property, or to prevent the theft of the unlawful taking of goods, wares and merchandise, or to prevent the misappropriation or concealment of goods, wares or merchandise, money, bonds, stocks, choses in action, notes, or other valuable documents, papers, and articles of value, or to procure the return thereof, or the performing of the service of such guard or other person, or any of said purposes.

[22 P.S. § 12(b).[1]]

\* \* \*

In In re Kuma K-9 Secur. Inc., [506 A.2d 445, 448 (Pa. Super. 1986)], the Court specified it was an appropriate approach to analyze and compare an applicant's experience, separately or collectively, while considering the list of activities under 22 P.S. § 12. [Kuma K-9 Sec., Inc.,] 506 A.2d 445, 448 (Pa. Super. 1986). The Court stated that the term "regularly employed as a detective" was not limited to positions within law enforcement agencies. Id. In In re Kuma, the applicant was employed with a private detective agency for eleven years and he participated in hundreds of investigations, where he had engaged in nine of the eleven activities listed under 22 P.S. 12. [Kuma K-9 Sec., Inc.,] at 448. Citing this experience, the Court determined the applicant was qualified for a private detective license under the statute. Id. at 449; see also In re Sentry Sec.[, Inc.], 417 A.2d 190 (Pa. Super. 1980) (stating that an individual who conducted over 800 criminal investigations and completed the investigative duties, in the past six years as a patrol officer and officer in charge, was a person "regularly employed as a detective" within the Private Detective Act of 1953).

Here, [Wallace's] experience as an interrogator and linguist in the United States Marine Corp[s] for five years, undoubtedly satisfies the statutory three-year investigative experience requirement.[2] [Wallace's] experience as an interrogator and linguist is similar to the applicant in In re Kuma who had conducted several criminal investigations for private detective agency. The Private Detective Act of 1953 mandates experience where investigative skills are paramount, as evidenced by the statute's enumerated list. Since the statute does not require the applicant's experience to have been completed within a law

_____

[1] The trial court applied these factors based on this Court's decision in **In re Kuma K-9 Sec., Inc.**, 506 A.2d 445 (Pa. Super. 1986). In **Kuma K-9 Sec., Inc.**, this Court opined that "the term 'detective' or the phrase 'regularly employed as a detective' [are not] limited to persons employed by law enforcement agencies." **Id.** at 447 (citation omitted). A private detective license may be granted to persons who, although not employed by a law enforcement agency, obtained experience in the functions of a "private detective" set forth in Section 12(b). **Id.** at 448.

enforcement agency, we find that [Wallace's] experience constitutes the investigative skills contemplated by the statute.

> [2] While [Wallace] did not provide any further evidence to establish the duties of an interrogator linguist, this [c]ourt gleaned … that an interrogator for the United States Marine Corp[s] would conduct interrogations in a different language.

Trial Court Opinion, 6/26/19, at 2-5.

I interpret the work-experience components of Section 14, or the alternative factors enumerated in Section 12(b), to be a condition precedent to licensure. It is undisputed that Wallace did not serve as a law enforcement officer for more than three years above the rank of patrolman. Accordingly, Wallace could not establish the requirements under Section 14, and the trial court properly looked to the alternative factors set forth in 22 P.S. § 12(b). *Kuma K-9 Sec., Inc.*, 506 A.2d at 448. Nevertheless, I discern nothing in the record establishing that Wallace satisfied the alternative factors.

In his application, Wallace included his DD-214 form memorializing his honorable discharge from active duty in the Marine Corps and listing his primary specialty as a "cryptologic linguist, Spanish[, for a period of] 03 Years, 08 Months[.]" Wallace's Application, 1/23/18, at Exhibit A. However, the only information relative to Wallace's work experience was that he served as an interrogator and linguist. Trial Court Opinion, 6/26/19, at 1, 2, and 5. The trial court noted that the Commonwealth objected on the grounds that Wallace did not satisfy the work-experience requirements; however, without further inquiry, the trial court granted Wallace's application. *Id.* at 2, 5.

- 7 -

In its opinion, the trial court cited *Kuma K-9 Sec., Inc.*, and *Sentry Sec., Inc.*, in support of its conclusion. Trial Court Opinion, 6/26/19, at 4-5. Those cases are distinguishable.

In *Kuma K-9 Sec., Inc.*, the applicant produced evidence that "he took part in hundreds of investigations involving nine of the eleven activities listed in 22 P.S. § 12(b)." *Kuma K-9 Sec., Inc.*, 506 A.2d at 448. Similarly, in *Sentry Sec., Inc.*, the applicant testified that he "participated in investigations involving over 800 criminal arrests" while employed as a police officer involving "interviewing witnesses and suspects, obtaining physical evidence, preparing complaints and testifying in court." *Sentry Sec., Inc.*, 417 A.2d at 192.

In the case at bar, there was no evidence regarding Wallace's experience. I fail to see how the trial court "gleaned" Wallace's qualifications in the absence of any evidence. Trial Court Opinion, 6/26/19, at 5 n.2. Based on the record, I am unable to agree with the trial court's finding. Rather, I conclude that Wallace failed to satisfy any of the factors from Section 12(b), *i.e.*, the condition precedent, to be an eligible candidate for a license. Therefore, I would find that the trial court erred when it granted Wallace's application for a private detective license, and I would reverse the order appealed at 1221 EDA 2018.

**Appeal at 1222 EDA 2018**

In the appeal at 1222 EDA 2018, the Commonwealth avers that the trial court erred in granting Steadfast, a business entity, a private detective license. The Commonwealth asserts that the sole member of Steadfast, Wallace, was not qualified for a license in his individual capacity, and therefore, Steadfast was not qualified for a license. Commonwealth's Brief at 7. The record does not reveal a separate trial court opinion at this docket number. However, the facts are the same, except that this appeal involves the order granting Steadfast a private detective license.

Pursuant to 22 P.S. § 14(b), a business entity does not qualify for a private detective license unless the entity's owners and officers satisfy the requirements set forth for an individual under 22 P.S. § 14(a).[2] ***See Kuma***

_____

[2] Section 14(b) states as follows:

> (b) If the applicant is a corporation, the application shall be signed and verified by the president, secretary and treasurer thereof, and shall specify the name of the corporation, the date and place of its incorporation, the location of its principal place of business, and the name of the city, borough township, or incorporated town, stating the street and number if the premises have a street and number, and otherwise such apt description as will reasonably indicate the location thereof, where is to be located the bureau, agency, sub-agency, office or branch office for which the license is desired, the amount of the corporation's outstanding paid up capital stock and whether paid in cash or property, and, if in property, the nature of the same, and shall be

***K-9 Sec., Inc.***, 506 A.2d at 448 (in order for a business entity to possess a private detective license, an eligible, individual applicant must satisfy the qualifications for a license); ***see also*** 22 P.S. §§ 14, 16 (enumerating the qualifications for a business entity to obtain a license). Thus, Steadfast could not obtain a license unless Wallace, as Steadfast's sole owner and officer,[3] satisfied the requirements for licensure. 22 P.S. § 14(b).

In the appeal at 1221 EDA 2018, I concluded that the trial court erred in granting Wallace a private detective license because Wallace did not meet

_____

accompanied by a duly certified copy of its certificate of incorporation. **Each and every requirement of clause (a) of this section as to a person or individual member of a partnership or association shall apply to the president, secretary and treasurer, and each such officer, his successor and successors, shall, prior to entering upon the discharge of his duties, sign and verify a like statement, approved in like manner, as is by clause (a) prescribed in the case of a person or individual member of a partnership or association.** In the event of the death, resignation or removal of such officer, due notice of that fact shall forthwith be given in writing to the court of quarter sessions, together with a copy of the minutes of any meeting of the board of directors of said corporation, certified by the secretary, indicating the death, resignation or removal of such officer, and the election or designation of the successor of such deceased, resigned or removed officer.

22 P.S. § 14(b) (emphasis added).

[3] Wallace is the sole owner of Steadfast and the individual applicant on Steadfast's behalf. Steadfast's Application, 1/23/18.

the statutory qualifications. Because I conclude that Wallace is not qualified for a license, I would find that Steadfast does not have a qualified applicant. Accordingly, I conclude that Steadfast is not eligible for a private detective license as a business entity. *Kuma K-9 Sec., Inc.*, 506 A.2d at 448; 22 P.S. §§ 14, 16. I would reverse the order granting Steadfast a private detective license.

## Conclusion:

In sum, I conclude that the trial court erred in granting Wallace a license because Wallace failed to satisfy the minimum qualifications, and I would reverse the order appealed at 1221 EDA 2018. Because I conclude that Wallace was not qualified to obtain a private detective license, I also conclude that Steadfast, having Wallace as its sole owner and officer, did not qualify for a license as a business entity. Therefore, I would also reverse the order appealed at 1222 EDA 2018.